### MOORE v. UNITED STATES.

#### (Circuit Court of Appeals, First Circuit. March 15, 1906.)

#### No. 604.

PERJURY—INDICTMENT FOR MAKING FALSE OATH IN NATURALIZATION PROCEEDINGS—VARIANCE.

An indictment under Rev. St. § 5395 [U. S. Comp. St. 1901, p. 3654], charging that defendant máde a false affidavit before a notary public "in a proceeding for naturalization" then and there pending in a stated court "touching the matters in issue and material in said proceedings," cannot be construed to charge the making of the affidavit "under or by virtue of any law relating to the naturalization of aliens," within the first clause of said section, but clearly charges the offense under the second clause, and is not sustained by evidence showing that the affidavit was made before the proceeding was instituted.

In Error to the Circuit Court of the United States for the District of Rhode Island.

Walter H. Barney (Barney & Lee, on the brief), for plaintiff in error.

Charles A. Wilson, U. S. Atty.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This indictment, on which a verdict was returned against the plaintiff in error, was as follows :

"In the Circuit Court of the United States, in and for the district aforesaid, at the May term thereof, A. D. 1905, the grand jurors of the United States, impaneled, sworn, and charged at the term aforesaid, of the court aforesaid, on their oath present, that George K. Moore, to wit, on the 10th day of November, in the year of our Lord nineteen hundred and two, in the said district and within the jurisdiction of said court, in a proceeding for naturalization of one Setrak G. Moomjian, then and there in the Common Pleas Division of the Supreme Court of the state of Rhode Island, in and for the county of Providence pending, knowingly and falsely before Alfred O. Makee, a notary public in and for the county of Providence, in said state of Rhode Island, duly qualified and authorized to administer oaths to persons making affidavits in proceedings for naturalization, did make a false affidavit touching the matters in issue, and material in said proceedings for the natu-

ralization of said Setrak G. Moomjian; in this, to wit, that he, the said George K. Moore, in said affidavit falsely swore that he, said Setrak G. Moomjian, had resided in Providence, in the said state of Rhode Island for seven years last past, whereas in truth and in fact, the said Setrak G. Moomjian was at the date aforesaid, to wit, on the 10th day of November, A. D. 1902, a resident of the commonwealth of Massachusetts, to wit, the city of Worcester, in the county of Worcester, and was not a resident of the state of Rhode Island, nor had he been such resident for a period of more than one year next before the said 10th day of November, A. D. 1902. And the grand jurors aforesaid, on their oath aforesaid, further present that said affidavit so as aforesaid made by said George K. Moore, was false and untrue, and was by the said George K. Moore, known to be so false and untrue at the time of the making thereof, and that the said George K. Moore therein swore falsely to the residence of said Setrak G. Moomjian, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States."

The indictment is based on section 5395 of the Revised Statutes [U. S. Comp. St. 1901, P. 3654]. It will be noticed that it alleges that the offense was committed in proceedings pending in the Common Pleas Division of the Supreme Court of the state of Rhode Island; but the proofs showed that the affidavit was taken before Alfred O. Makee, a notary public, on the 10th day of November, while the application for naturalization was not sworn to, nor filed in the Common Pleas Division, until the 11th. Therefore the plaintiff in error claims that, as the affidavit was sworn to on the day before the application was filed, the proofs necessarily contradicted the allegation that proceedings were pending in the Common Pleas Division, and disclosed a fatal variance.

The statute describes two distinct offenses, to the extent, at least, that the circumstances under which an offense may be committed may present it in two different ways. The first branch relates to oaths or affidavits, "made or taken under or by virtue of any law relating to the naturalization of aliens," without the expression of any limitation as to the place or time where or when made or taken; and the second extends to "any proceedings under such laws," and may well be understood to include every one who testifies falsely in any such proceedings, whether by affidavit "taken under or by virtue of any law relating to naturalization," or orally in open court, or otherwise in accordance with the usual practice. It may be that this second branch of the statute has especially in view proceedings in a judicial tribunal, but, probably, the first branch is not thus limited. In this connection, we call attention to paragraph 3 of section 2165 of the Revised Statutes [U. S. Comp. St. 1901, p. 1330], relating to naturalization. This closes, "but the oath of the applicant shall in no case be allowed to prove his residence." The affidavit of the plaintiff in error related to the residence of such an applicant, and it covered the requirement of the closing words of that paragraph. Therefore, independently of any question whether the affidavit might be said to have been "taken under or by virtue of" the general provisions of the statutes relating to naturalization, it had such special relation to this paragraph that it may, perhaps, be particularly said to have been taken in acordance with the first branch of section 5395 of the Revised Statutes [U. S. Comp. St. 1901, p. 3654], as we have explained

it, although taken out of court and before a notary public, and before formal judicial proceedings had commenced.

The only claim made in the Circuit Court, so far as the record shows, is that there was a variance such as we have described, and the case before us rests entirely on this alleged variance. It follows that no advantage can be taken before us on account of any defect of pleadings, either in the way of uncertainty, duplicity, or inconsistency, and, in fact, no attempt is made in that direction. Consequently, we have endeavored to prune this indictment of everything relating to alleged proceedings pending in the Common Pleas Division of the Supreme Court, so as to leave it, if it could be done, sufficient to describe an offense committed before a notary public under the first branch of the statute in question as we have explained it. If this could be accomplished, it would be permissible under the circumstances, because, as there was a general verdict, it is to be assumed that the jury found all the allegations of the indictment true, and because, further, as we have said, as the case comes before us, no advantage could be taken of any mere defect in the way of uncertainty, duplicity, or inconsistency; so that, under these circumstances, surplusage might be stricken out with a free hand.

The condition of the record as to uncertainty, however, relates to the indictment is it now stands, and would not permit us, to the prejudice of the plaintiff in error, to introduce other uncertainties than those which now appear, as no such other uncertainties can be held to have been waived by the defense. Certainly, we cannot exercise the power of striking out surplusage to such an extent as not to leave standing sufficient to inform the plaintiff in error of the nature and the cause of the accusation. A careful scrutiny of the indictment has enabled us to find no manner in which surplusage can be stricken out without leaving some qualifying word, connecting what remains with the alleged proceedings in the Common Pleas Division of the Supreme Court; and such qualifying words, of course, cannot be regarded as surplusage. We refer by these expressions to such words as "the matters in issue," and the word "said" before the words "proceedings for the naturalization," etc.

In prosecutions for perjury, and in prosecutions akin thereto, it is a fundamental rule that an indictment must show that the tribunal before which the offense is alleged to have occurred had jurisdiction over the issue to which it related. It is also a fundamental rule that it is not sufficient to allege in general terms that the tribunal named had jurisdiction over the issue alleged to have been involved, because such an allegation includes matters of law as well as fact, while it is the duty and right of the court before which an indictment is pending to be so far advised of the facts that it can determine for itself whether the issue was of such a character as to give the tribunal named jurisdiction thereof, and such as to render the alleged offense material thereto. Consequently, variances in these particulars are generally fatal.

In the present case, after all attempts to remodel the indictment by striking out surplusage, it remains entirely clear that the pleader under-

stood that proceedings were in fact pending in the Common Pleas Division of the Supreme Court, and aimed his indictment accordingly, and that he had no intention of alleging an offense by an affidavit taken before a notary public, except as incidental to proceedings thus pending. He seems to have mistaken the facts, and must abide the consequences of the mistake. Whatever may be said ordinarily with regard to the mere details of the description in an indictment of the tribunal, and of the issue pending therein, concerning which the offense is alleged, it is certain that the nature of the allegations with reference to an affidavit made in contemplation of proceedings afterwards to be taken are so essentially different from allegations with reference to proceedings which have already been taken in a judicial tribunal that an indictment for the one, followed by proofs of the other, creates a fatal variance. Therefore it is clear that the plaintiff in error must prevail.

The judgment of the Circuit Court is reversed, the verdict is set aside, and the case is remanded to that court for further proceedings in accordance with law.